IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NEW HAMPSHIRE INSURANCE CO.,           )
                                       )
    Plaintiff / Counter - Defendant,   )   Case No. 3:10-cv-00607
                                       )   Judge Sharp / Knowles
v.                                     )
                                       )
BLACKJACK COVE, LLC,                   )
                                       )
    Defendant / Counter - Plaintiff.   )

## ORDER

This matter is before the Court upon Defendant's "Motion for Protective Order." Docket No. 115. Defendant has filed a supporting Memorandum. Docket No. 116. Plaintiff has filed a Response in Opposition to the Motion (Docket No. 119), and Defendant has filed a Reply (Docket No. 120). The issues are relatively simple.

Plaintiff issued an insurance policy to Defendant covering the Blackjack Cove Marina on Old Hickory Lake. Shortly thereafter, a storm caused major damage to the Marina. Plaintiff paid Defendant a sum of money pursuant to the policy, but Defendant made additional claims. Plaintiff questioned some of the additional claims, as well as some of the claims it had already paid.

Plaintiff filed this action seeking to determine whether the policy was void; whether the Plaintiff has any further liability to Defendant; whether Defendant is liable to Plaintiff; and whether Defendant had an insurable interest in certain property on the effective date of the policy. Defendant disputed that it has any liability to Plaintiff, and filed a counterclaim seeking damages over and above the amount already paid.

Plaintiff has served a Rule 30(b)(6) deposition notice upon Defendant. Docket No. 116-1. Defendant seeks a protective order with regard to the deposition notice, arguing: (1) Defendant's "owner," Bart Bagsby, has already "been subjected to three full days of questioning," one day in an "Examination Under Oath," and two days in a deposition; (2) Plaintiff has failed to state the 30(b)(6) notice topics with the particularity required; and (3) Plaintiff seeks testimony on topics that are irrelevant to the matters at issue in the case.

Plaintiff opposes the Motion on grounds that: (1) it is entitled to take a Rule 30(b)(6) deposition of Defendant because the Rule allows it to do so and because the prior deposition of Mr. Bagsby does not bind Defendant; (2) the topics of the deposition have been stated with particularity; and (3) all the topics are relevant to the matters at issue in this case. These arguments will be discussed in order below.

First, Defendant takes the position that Mr. Bagsby is the only person at Blackjack Cove who satisfies the request in the deposition notice that the person designated be the "most knowledgeable" person with regard to the topics set forth in the notice. Defendant states that Mr. Bagsby made it clear in his previous deposition that "he is the only member of the two-person management team at Blackjack Cove with any knowledge about the claims that the LLC has made in this case." Docket No. 116, p. 2. Plaintiff does not dispute this statement, and apparently accepts the proposition that Mr. Bagsby will necessarily be the person designated by Defendant to testify pursuant to the Rule 30(b)(6) notice. It is also important to note that Defendant does not contest Plaintiff's argument that Mr. Bagsby's prior testimony is not binding on Defendant as would be the testimony of a Rule 30(b)(6) witness.

In its Reply, Defendant states that

2

> [Plaintiff] has attempted to side-step the issue by arguing that because Rule 30(b)(6) testimony is "binding" a Rule 30(b)(6) deposition can never be cumulative or duplicative, even when the subject witness has already been deposed in his individual capacity. That argument completely ignores the mandate found in Rule 26, which provides that a court must limit discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative."

Docket No. 120, p. 1-2 (footnote omitted).

Defendant's argument, however, fails to appreciate the proviso that discovery must be limited if it is "*unreasonably* cumulative or duplicative." Under the circumstances, the Court concludes that the discovery sought in the Rule 30(b)(6) deposition is not *unreasonably* cumulative or duplicative. As discussed above, there are valid reasons for allowing a Rule 30(b)(6) deposition to go forward.

Second, the Court has reviewed the topics set forth in the deposition notice, and the Court believes they are stated with reasonable particularity.

Third, the topics set forth in the Rule 30(b)(6) deposition notice all appear to seek relevant information, or information that may lead to the discovery of admissible information, with one exception. In item 8, Plaintiff seeks testimony with regard to Defendant's claim for attorney's fees. The Court agrees with Defendant that this topic is not relevant at the moment, and that discovery with regard to that issue presents potential work product issues. Therefore, this Motion will be granted with regard to item 8 of the Rule 30(b)(6) deposition notice.

As discussed above, however, Mr. Bagsby has already submitted to a "two day" deposition in this case, which ran approximately sixteen hours.[1] Docket No. 116, p. 2. It seems

---

[1] Defendant also refers to an "Examination Under Oath" during which Mr. Bagsby was subjected to a day of questioning. Presumably, the "Examination Under Oath" was done

3

likely that Mr. Bagsby was questioned in his earlier deposition about most of the topics set forth in the Rule 30(b)(6) deposition notice. Additionally, Plaintiff primarily desires information that is "binding" upon Defendant. Therefore, the deposition will be limited to four hours.

For the foregoing reasons, the instant Motion for Protective Order is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

---

pursuant to a provision of the insurance policy. Such an "Examination" is not a recognized discovery method.